STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2016-68

BRYAN M. CARRIER,
           Petitioner

**DECISION AND ORDER**

v.

MAINE BUREAU OF MOTOR
VEHICLES,
           Respondent

The matter before the court is an appeal by the Petitioner from a decision of a hearings examiner with the Bureau of Motor Vehicles dated October 13, 2016 denying his petition for the reinstatement of his driver's license pursuant to 29-A M.R.S. §2454(5). The appeal has been brought in accordance with 5 M.R.S. §§11001-11008 (Maine Administrative Procedure Act) and M.R.Civ.P. 80C. The sole issue before the court is whether the hearings examiner committed legal error when he determined that the Petitioner's third petition for license reinstatement was "his final petition and that he has exhausted his right to petition under 29-A M.R.S. §2454(5)."

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. In 1996 the Petitioner, then 19, operated a motor vehicle while intoxicated and caused the deaths of three people when he collided with another vehicle. On June 13, 1997, upon his pleas of guilty to three counts of manslaughter and three counts of aggravated operating under the influence, the Petitioner was sentenced to 10 years, all but 2 years suspended with 6 years of probation, along with 2000 hours of community service and a total of $6000 in fines. The sentencing court, as part of its written sentencing opinion,

noted that the Petitioner's license was suspended for life and the notice of suspension referred to in the judgment and commitment specified a lifetime suspension. *Carrier v. Secretary of State,* 2012 ME 142, ¶¶ 2, 3, 60 å.3d 1241.

As a result of the manslaughter convictions, the Petitioner's driver's license was suspended for life as mandated by 29-A M.R.S. §2454(2).[1] Notwithstanding the language of section 2454(2) that the Petitioner's license must be revoked "permanently" by the Secretary of State, subsection 5 of that same law provides a mechanism for the Petitioner to apply for the reinstatement of his license. It provides as follows:

> A person whose license is permanently revoked under subsection 2 may petition the Secretary of State for relicensure 10 years after the date the person is no longer incarcerated. The Secretary of State shall make the person's petition for relicensure known to the family of any victims of the person's offense and shall consider the family's testimony in determining whether to reissue the person a driver's license.

The Petitioner was released from incarceration on March 30, 1999. He filed his first petition for relicensure on February 18, 2009 and a hearing on that petition was held on April 28, 2009. (Administrative Record at Tab19, Exhibit 14) The petition was denied and the denial was appealed to the superior court, which remanded the matter for further findings of fact and conclusions of law. (A.R., Tab 20, Exhibit 15) On remand the hearing officer again denied the petition and the superior court affirmed. (A.R. at Tabs 21, 22, Exhibits 16, 17) In her decision after

---

[1] 29-A M.R.S. §2454(2) provides:

The license of any person who, as a result of the operation of a motor vehicle in such a manner as to cause the death of any person, is convicted of criminal homicide, . . . , must be permanently revoked immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing, if the report by the district attorney pursuant to section2455 shows the person was under the influence of intoxicants at the time of the offense.

2

remand the hearing officer recommended that the Secretary of State not consider another application from the Petitioner "for at least two years from the date of the original petition." (Exhibit 16).

In 2011 the Petitioner filed his second application with the Secretary of State for reissuance of his driver's license. A hearing was held on June 30, 2011 and the petition was gain denied in a decision dated July 29, 2011. In making that decision the hearing officer made detailed findings of fact in support of denying the petition. In addition, however, the hearing officer concluded that he had no authority to issue a license to the Petitioner because the sentencing court had suspended the Petitioner's license for life as part of his sentences for multiple counts of manslaughter. (Exhibit 18, Tab 23) The denial of the Petitioner's reinstatement request was affirmed on appeal to the superior court. (Exhibit 19, Tab 24) The Petitioner appealed to the Law Court.

In *Carrier v. Secretary of State, supra,* the Law Court held that the reinstatement statute – 29-A M.R.S. §2454(5) – unambiguously requires the hearing officer to consider the testimony of the victims and their families. The Court rejected the Petitioner's argument that the victims and their families held a virtual "veto" over his reinstatement petition, stating as follows:

> Carrier has the opportunity to petition for reinstatement in the future. He must present evidence that he has earned the opportunity to drive in spite of his horrendous behavior and its disastrous consequences to the victims and their families. Perhaps he can make a stronger case than his need to drive or his capacity to be a safe driver. The ultimate decision will be up to the Secretary of State and not the victims or their families, but their opinions must be considered then just as they were here. Driving in Maine is not a right, but a privilege, and Carrier must show that he as earned that privilege.

2012 ME 142, ¶ 16 (citation omitted)

On August 5, 2016 the Petitioner submitted his third request with the Secretary of State for reissuance of his driver's license. (Exhibit 9) A hearing on the petition was held on September 26, 2016. (Exhibits 5, 10) The hearing officer issued a written Decision on October 13, 2016 concluding as follows:

> The State interest, along with Mr. Carrier's own actions, and lack thereof, since 2011, and the compelling testimony of [the victims and victims' relatives] outweigh Mr. Carrier's need and desire to drive on Maine's roads. Therefore I deny his petition for reinstatement. Mr. Carrier's petition, his third, had been allowed explicitly by order of the Law Court. I consider this to be his final petition and that he has exhausted his right to petition under 29-A M.R.S. §2454(5).

(Exhibit 3)

In holding that Mr. Carrier's third petition for reinstatement was his final petition under 29-A M.R.S. §2454(5), the hearing officer may have been relying on the testimony from the victims and their families "that his [Carrier's] continued petitions for reinstatement increase their own suffering," and that the reinstatement hearing process was "torture" to them. (Exhibit 3)

The Petitioner's Rule 80B appeal challenges only the hearing officer's determination and ruling that the Petitioner has exhausted his right to apply for reinstatement of his license pursuant to 29-A M.R.S. §2454(5).

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v*

*Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy*, 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection*, 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission*, 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance*, 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

The solitary issue before the court is whether the hearing officer committed an error of law and acted without authority in prohibiting the Petitioner from filing another petition for the reissuance of a driver's license under section 2454(5).[2]

---

[2] Because the court concludes that the hearing officer lacked the authority to completely prohibit any future applications for relicensure by the Petitioner, there is no need to address the argument that the Petitioner was denied due process by the hearing officer's ruling.

The court is persuaded that the hearing officer did not have statutory authority to decide that the Petitioner could never file another petition for reissuance of a driver's license by the Secretary of State pursuant to 29-A M.R.S. §2452(5). The statute itself provides that a petition for relicensure may be made to the Secretary of State "10 years after the date the person is no longer incarcerated." The plain meaning of the statutory language indicates that the only limitation on the filing of a petition is that 10 years must have elapsed since the person was released from incarceration. Nothing in the statute supports a reading that only one petition may be filed or that three petitions within a span of 8 years results in exhaustion of the right to make another application.

The Law Court appears to have recognized that the Petitioner would have "the opportunity to petition for reinstatement in the future." 2012 ME 142, ¶ 16. This court does not read the Law Court's opinion in *Carrier* as "explicitly" allowing the Petitioner to apply for reinstatement, as suggested by the hearing officer. Rather, the court interprets *Carrier* as recognizing that the statute – 29-A M.R.S. §2454(5) – permits re-application for relicensure.

Had the Legislature intended to limit the number of petitions under section 2454(5) it could easily have done so because it knows how to do it. *Compare* 15 M.R.S. §104-A(3)(if release or discharge from custody of Commissioner of DHHS is not ordered, a new petition may not be filed for 6 months). Moreover, in section 2454(6) the Legislature made it unmistakably clear that if a person's license has been permanently revoked pursuant to subsection 5, and that person is subsequently convicted of OUI, the person's license must be permanently revoked and the Secretary of State "may not relicense that person." This language strongly suggests that the Legislature knew how to prohibit the Secretary of State from issuing a license to a person subject to permanent revocation under section 2454(2) & (5). The legislative silence on the number of times a person may petition the Secretary

6

of State for relicensure under subsection 5 persuades the court that the hearing officer exceeded his authority by essentially banning the Petitioner from ever applying for reinstatement of a license under the statute.

The court recognizes the pain and suffering the victims and their families must endure whenever the Petitioner files a new petition for relicensure. The decision to bar all future petitions under the statute, however, is one that should be made by the Legislature. The hearing officer committed error of law in imposing such a ban in the absence of legislative authority.

Finally, the hearing officer cited no authority for his conclusion that the Petitioner's third reinstatement request would be deemed his last. The parties have not directed the court's attention to any administrative rule governing hearings before the Bureau of Motor Vehicles that suggests a prohibition on all future petitions is authorized.

## CONCLUSION

The entry is:

The Petition for Review of Final Agency Action is GRANTED to the extent that the agency's determination that the Petitioner "has exhausted his right to petition under 29-A M.R.S. §2454(5)" is REVERSED. In all other respects, the agency's decision is AFFIRMED.

DATED: May 18, 2017.

William R. Stokes
Justice, Maine Superior Court